**FILED**
**Oct 30, 2024**
**02:13 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **JEREMY HOLT,** | ) | **Docket No. 2024-20-1554** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PROFESSIONAL TOUCH** | ) | |
| **CLEANING OF THE TRI-CITIES,** | ) | **State File No. 15132-2024** |
| **Employer,** | ) | |
| **and** | ) | |
| **OHIO SECURITY INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER
### (Decision on the Record)

---

This is the second time Jeremy Holt requested benefits for a fall at work. The Court conducted a review of the record and denies his request because although he has obtained additional medical proof, it is still insufficient to show he is likely to prevail at a hearing on the merits.

### History of Claim

Because the proof in this second review is largely the same, the Court recounts the facts as in the first order.

Mr. Holt worked for Professional Touch Cleaning of the Tri-Cities. On February 16, 2024, while at work he began to feel a "spell" coming on while cleaning a closet. He testified he can tell when they are about to happen. Apparently, he fell; when he regained consciousness, emergency workers were attending to him. Mr. Holt did not know how or why he fell but was taken to the hospital and released the same day. He stated no one really knows what happened to him. He testified that he has also experienced these spells outside of work.

1

After the fall, he experienced pain in his neck, left shoulder and arm, and the right side of his head for a few days. When his neck pain continued, he had an MRI, which showed no acute injuries, only degenerative problems and a congenital unfused arch of the C1 joint.

Although Mr. Holt does not know why he fell, he asserted it was anxiety related to work. He requested payment of a medical bill and temporary disability benefits. His family submitted affidavits supporting his assertion that work stress caused his symptoms.

For this second decision on the record, Mr. Holt supplemented the medical proof with a record from family nurse practitioner Kimberly Sturgill, who noted Mr. Holt's episodes seem to have been due to work stress.

Professional Touch argued that Mr. Holt suffered an idiopathic fall and that his medical proof is insufficient to prove his episodes are work related.

### Findings of Fact and Conclusions of Law

Mr. Holt, as the employee in a workers' compensation case, has the burden of proving all essential elements of his claim for benefits. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). To obtain the requested relief, Mr. Holt must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

The initial question is whether Mr. Holt proved that he suffered an injury that arose primarily out of and in the course and scope of his employment. Specifically, he must show, to a reasonable degree of medical certainty, that the injury contributed more than 50% in causing the need for medical treatment, considering all causes. A "reasonable degree of medical certainty" means that, in the physician's opinion, it is more likely than not considering all causes as opposed to speculation or possibility. *Id.* at -102(12) (A)-(D).

Here, Mr. Holt suffered a fall at work. He does not know why he fell, but he contended that he was suffering from a spell at the time—which has also occurred away from work. Although he received medical care from several sources, the only medical records relating the spell to his work are from a family nurse practitioner. However, an opinion from a physician is required to prove the work-relatedness of an injury. *See Dorsey v. Amazon.com, Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9 (May 14, 2015) ("The opinion of the nurse practitioner . . . did not and could not provide a valid basis for denial of the claim based on causation."). Likewise, his family members' affidavits cannot prove causation.

Further, the nurse practitioner's opinion does not state that the spell at work contributed more than 50% in causing Mr. Holt's need for treatment. Instead, she wrote that Mr. Holt's episodes seem to have been due to work stress, which conveys impermissible speculation. Moreover, the medical records do not show any acute injuries.

Mr. Holt does not know whether he was injured simply by hitting the ground or by something in the closet, because the fall left him unconscious. Injuries without explanation are considered idiopathic. Without evidence that he was injured by a hazard in the closet, Mr. Holt's injuries are considered idiopathic and not work related. As the Appeals Board has explained, "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *Bullard v. Facilities Perf. Grp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *7 (Aug. 7, 2018).

Typically, an employer furnishes medical treatment after an injury at work under section 50-6-204. But in instances like Mr. Holt's case, where the injured worker does not know what caused the fall and cannot identify any hazards at work that caused or exacerbated his injuries, the employer is not required to authorize medical benefits because the injuries are not compensable. *Id.* at *8-9.

Under these circumstances, the Court cannot find that Mr. Holt's injuries arose primarily out of his employment. He is not likely to prevail at a hearing on the merits at this time.

This case is set for a scheduling hearing on **December 11, 2024**, at **2:00 p.m. Eastern**. The parties must dial **855-543-5044** to participate in the hearing.

It is **ORDERED**.

**ENTERED October 30, 2024.**


**Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits:
1. Declaration of Jeremy Holt (August 13, 2024)
2. Declaration of Jeremy Holt (October 4, 2024)
3. Declaration of Brandy Holt
4. Declaration of Brittany Hammond
5. Declaration of Laura Hilliard
6. Declaration of Patricia Thiemann
7. Declaration of Jason Sanders
8. Wage Statement
9. Medical bills

10. Emails
11. Jeremy Holt's deposition transcript
12. Blue Care Tennessee explanation of benefits
13. Causation opinion of Kimberly Sturgill, F.N.P.
14. Radiology reports
15. Discharge notes Bristol Regional Medical Center
16. Discharge notes Johnson City Medical Center
17. Return to work slip by Dr. Charles Bolick

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on October 30, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jeremy Holt, Employee | X | | X | jeremyholt36@gmail.com 380 Old Mountain View Road Lot 3 Bluff City, Tennessee 37618 |
| Karlyn Hillard, Employer's Attorney | | | X | karlyn.hillard@libertymutual.com eva.noss@libertymutual.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**


### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*